# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NANNETTE THERESE GARROW,<br><br>Defendant. | CR-19-43-GF-BMM-2<br><br>ORDER |

Defendant Nannette Therese Garrow ("Garrow") filed a motion to suppress. Garrow seeks to suppress evidence seized during the execution of a search warrant of a residence that Garrow shares with William Van Hill. (Doc. 38.) Police seized methamphetamine and drug paraphernalia during that search. Garrow also seeks to suppress statements that she made to law enforcement officials about how she helped William Van Hill, her co-defendant, prepare and sell bindles of methamphetamine.

The Court held a hearing on September 9, 2019. (Doc. 46.) The Court ordered the parties to file additional briefing. Both parties have filed their

1

additional briefs and the motion now stands ripe for decision. (*See* Docs. 50, 51.) Garrow, in her motion and at the hearing, raised four issues.

## Probable Cause to Support Search Warrant

Garrow argues that the facts used to obtain a warrant to search her and Hill's residence failed to rise to the level of probable cause. (Doc. 36 at 4-5.) Law enforcement originally sought to search Hill and Garrow's house looking for a stolen X-Box 1S. Law enforcement relied on information that it had obtained from Netflix and Charter Communications to obtain the warrant used to search the residence. This information showed that someone had accessed the Netflix account belonging to the mother of the stolen X-Box 1S's owner's right after the X-Box had been stolen. Charter Communications provided the address that corresponded to the IP address that had used the Netflix account. This address matched Hill and Garrow's residence.

Garrow argues that the information obtained from Netflix and Charter Communications resembles the information that law enforcement receives from anonymous tips. Anonymous tips "seldom demonstrates the informant's basis of knowledge or veracity." *Florida v. J.L.*, 529 U.S. 266, 270 (2000). As a result, anonymous tips seldom give rise to probable cause absent some sort of corroboration from law enforcement. *Id.*

The sources of information here prove both known and reliable. Garrow offers no reason for this Court to suspect that Netflix or Charter Communications fabricated the information provided to law enforcement. Garrow makes no claim that the Netflix or Charter Communications offered law enforcement unreliable information. This Court declines to apply the Supreme Court's requirement to corroborate information received from an anonymous tip to this context when the underlying rationale for requiring corroboration remains entirely absent.

**Knock and Announce Rule**

Garrow next contends that the law enforcement officers violated the knock-and-announce rule when they executed the warrant. The Supreme Court has determined that knock-and-announce violations typically do not justify suppressing evidence seized after the knock-and-announce violation. *See Hudson v. Michigan*, 547 U.S. 586, 594 (2006); *see also United States v. Ankeny*, 502 F.3d 829, 835-36 (9th Cir. 2007) (same). Garrow relies almost exclusively on the Ninth Circuit's decision in *United States v. Zermeno*, 66 F.3d 1058 (9th Cir. 1995).

The Supreme Court refused to decide whether suppression applies to evidence seized after a knock-and-announce violation four months before *Zermeno*. *See Wilson v. Arkansas*, 514 U.S. 927, 937 n.4 (1995). The Supreme Court addressed the issue for the first time in *Hudson*, 547 U.S. at 590. This Court

cannot ignore the mandate of the Supreme Court. Thus, this Court need not decide whether a knock-and-announce violation occurred. Even if the law enforcement officers had violated the knock-and-announce rule, that violation would not warrant suppression. *See Hudson*, 547 U.S. at 594.

**Exceeding Scope of Warrant**

Garrow claims that law enforcement impermissibly exceeded the scope of the warrant. Garrow points to the search warrant application. The application asks for law enforcement to seize "any other evidence of crimes or contraband." (Doc. 36 at 8.) Garrow relies exclusively on the Montana Supreme Court decision in *State v. Cotterell*, 198 P.3d 254 (Mont. 2008). The Montana Supreme Court considered whether a warrant that contained a similar phrase to the warrant application here violated either the Montana Constitution or U.S. Constitution. *Id.* at 249.

Putting aside questions of whether this Court has any reason to follow a Montana state court decision in a criminal case, *Cotterell* would not require suppression here. The Montana Supreme Court ultimately concluded that only evidence seized under that impermissible phrase of the warrant must be suppressed at trial. *Id.* at 251. Law enforcement in *Cotterell* legally had seized journals and calendars that documented the number of game and fish killed on specific dates.

4

These items related to the officers' investigation of alleged hunting and fishing violations and, thus, did not cause invalidation of the warrant on overbreadth grounds. *Id.*

Here law enforcement legally seized the evidence regardless of whether the warrant application contained the phrase "any other evidence of crimes or contraband." Law enforcement legally seized all of the drug paraphernalia under the plain view doctrine. Law enforcement may seize evidence of another crime that sits in plain view during a valid search warrant. *See Horton v. California*, 496 U.S. 128, 135 (1990). Law enforcement only searched areas in plain view or areas where an X-Box 1S could be stored or hidden. (*See* Doc. 41-1 at 7.) For example, law enforcement found drug paraphernalia in plain view in William's bedroom, another piece of paraphernalia on the floor next to the bed, another piece of paraphernalia in Garrow's bedroom in a cabinet. Law enforcement officers testified that the cabinet was big enough to contain an X-Box 1S. (*See id.*) Law enforcement appears to have seized legally all of this evidence under the plain view doctrine.

After police seized the drug paraphernalia, one of the officers executing the search warrant provided Garrow with a *Miranda* warning. (*See id.* at 9.) Law enforcement asked Hill and Garrow if they would find any more methamphetamine

5

in the house. Hill escorted law enforcement into his bedroom and showed drugs to the officers that had been packaged into bindles. (*See id.* at 10.) In other words, Hill voluntarily gave the methamphetamine to law enforcement.

Law enforcement did not violate the Fourth Amendment when it seized the methamphetamine or drug paraphernalia that led law enforcement to question Hill and Garrow about having more methamphetamine in the house. No actions of the officers or language in the warrant application support suppression of the methamphetamine that officers discovered in Hill and Garrow's residence.

**Voluntariness of Garrow's Statements to Law Enforcement**

At the September 9, 2019, hearing, Garrow raised the issue that her statements made to law enforcement violated the Fourth Amendment. Garrow confessed to law enforcement during the search that she had helped Hill prepare the bindles of methamphetamine that he had just turned over to law enforcement. She also confessed to helping sell methamphetamine with Hill. In supplemental briefing, Garrow seeks to suppress her statements as having been made in violation of *Miranda* because she does not remember whether she gave any response to officers after having received a *Miranda* warning.

Courts evaluate the totality of circumstances to determine whether a statement had been voluntary. The analysis generally includes the following

factors: "the youth of the accused, his intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep." *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003). None of those factors weigh in favor of suppressing Garrow's statements. Garrow confessed after little questioning and having received a *Miranda* warning. Her unsupported assertions that she does not remember giving a response after having received her *Miranda* warning do not rebut the police reports and body cam recordings that the government has submitted as proof of the voluntariness of Garrow's statements.

## ORDER

IT IS ORDERED that Defendant Nannette Therese Garrow's Motion to Suppress Evidence (Doc. 38) is DENIED.

DATED this 31st day of October, 2019.

/s/ Brian Morris
_____
Brian Morris
United States District Court Judge